UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRIAN TEXEIRA
PLAINTIFF

V. C.A. No CA 08 42 S

A.T. WALL, ALIAS, INDIVIDUALLY AND IN HIS CAPACITY AS THE DIRECTOR OF THE DEPARTMENT OF CORRECTIONS OF THE STATE OF RHODE ISLAND

JOHN DOE, ALIAS, INDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS OF THE STATE OF RHODE ISLAND

JAMES DOE, ALIAS, INDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS OF THE STATE OF RHODE ISLAND

JOSEPH DOE, ALIAS, INDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS OF THE STATE OF RHODE ISLAND

JANE DOE, ALIAS, INDIVIDUALLY AND IN HER CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS OF THE STATE OF RHODE ISLAND

WILLIAM DOE, ALIAS, INDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS OF THE STATE OF RHODE ISLAND

RAYMOND DOE, ALIAS, INDIVIDUALLY AND IN HIS CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT OF CORRECTIONS OF THE STATE OF RHODE ISLAND

DEFENDANTS

## COMPLAINT

### JURISDICTION

1. This action is brought under the US Civil Rights Act so-called 42USC Sections 1983 and 1988 of the US Code granting US citizens protection of their Civil Rights and their rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth

Amendments to the Constitution of the United States and Morris Rules {MORRIS et. al. v. Anthony TRAVISANO et. al. (499 F. Supp. 149)}.

**PARTIES**

2. The Plaintiff, Brian Texeira, is an inmate at the Department of Corrections of the State of Rhode Island and a resident of the City of Cranston.
3. The Defendant, A.T. Wall, is, at all times material hereto, the Director of the Department of Corrections of the State of Rhode Island.
4. The Defendant, John Doe, is, at all times material hereto, a Civilian Employee of the Department of Corrections of the State of Rhode Island.
5. The Defendant, James Doe, is, at all times material hereto, a Civilian Employee of the Department of Corrections of the State of Rhode Island.
6. The Defendant, Joseph Doe, is, at all times material hereto, a Civilian Employee of the Department of Corrections of the State of Rhode Island.
7. The Defendant, Jane Doe, is, at all times material hereto, a Civilian Employee of the Department of Corrections of the State of Rhode Island.
8. The Defendant, William Doe, is, at all times material hereto, a Civilian Employee of the Department of Corrections of the State of Rhode Island.
9. The Defendant, Raymond Doe, is, at all times material hereto, a Civilian Employee of the Department of Corrections of the State of Rhode Island.

**FACTS**

10. At all times material hereto, the Plaintiff, Brian Texeira, was an inmate at the Adult Correctional Institution of the State of Rhode Island on January 26, 2004, when after taking a shower, he was assaulted by another inmate causing severe

injuries to his body including but not limited to a fractured jaw. The said Defendants placed him in a cell with such serious injuries and allowed him to remain therein for a number of days while he was in severe pain and was not given immediate medical attention even though that during this period of time he was regularly complaining of his injuries and asking for medical help, before he was finally taken to a local hospital where he underwent surgery for a fractured jaw. He was then hospitalized at the Adult Correctional Institution until March 2004 for such injuries.

**COUNT I FAILURE TO AFFORD IMMEDIATE MEDICAL ASSISTANCE TO AN INJURED INMATE IN VIOLATION OF HIS CIVIL AND CONSTITUTIONAL RIGHTS**

11. When the said Defendants required the Plaintiff to remain in a cell at the Adult Correctional Institution of the State of Rhode Island after he sustained severe personal injury and was not afforded emergency medical treatment was a violation under U.S. Code 42USC Sections 1983 and 1988 granting US citizens protection of their Civil Rights and violation of their rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States. Due to such violation, the Plaintiff's injuries were exacerbated and increased. Due to the exacerbation as aforesaid of such injuries the Plaintiff sustained aphasia, great conscious pain and suffering and additional injuries some of which may be permanent in nature all to the damage of the Plaintiff.

WHEREFORE, the Plaintiff Brian Texeira prays that this Honorable Court will enter judgment on his behalf and against the said Defendants and employees of the Department of Corrections of the State of Rhode Island, including but not

limited to the said A. T. Wall, John Doe, James Doe, Joseph Doe, Jane Doe, William Doe and Raymond Doe in the amount of Three Hundred Thousand Dollars ($300,000) plus accrued interests and costs.

**COUNT II VIOLATION OF THE SO-CALLED MORRIS RULES TO AFFORD INMATES IMMEDIATE MEDICAL ATTENTION IN AN EMERGENCY**

12. The Plaintiff hereby restates each and every allegation contained in Count I, inclusive, of this Complaint, as though fully set forth herein. In violation of the said Morris Rules, {MORRIS et. al. v. Anthony TRAVISANO et. al. (499 Fed. Supp. 149)}, the said Defendants placed the Plaintiff, Brian Texeira in a cell for many days after he suffered severe injuries after being attacked by another inmate without affording him immediate medical attention in such emergency situation and in view of his repeated requests for medical help. Due to such violation as aforesaid, the Plaintiff's existing injuries were exacerbated and increased causing him great conscious pain and suffering, aphasia, and other injuries some of which may be permanent in nature all to the damage of the Plaintiff.

WHEREFORE, the Plaintiff Brian Texeira prays that this Honorable Court will enter judgment on his behalf and against the Defendants and employees of the Department of Corrections of the State of Rhode Island, including but not limited to the said A. T. Wall, John Doe, James Doe, Joseph Doe, Jane Doe, William Doe and Raymond Doe in the amount of Three Hundred Thousand Dollars ($300,000) plus accrued interests and costs.

**COUNT III PUNITIVE DAMAGES**

13. The Plaintiff hereby restates each and every allegation contained in Count I, and Count II inclusive, of this Complaint, as though fully set forth herein. At the time the Plaintiff was placed in a cell, he repeatedly complained to said Defendants on many occasions of severe pain in his jaw and of aphasia and continued to do so for a very long period time thereafter, and that the said Defendants refusal to afford him medical treatment therefore in view of his complaints was willful and malicious.

WHEREFORE, the Plaintiff Brian Texeira prays that this Honorable Court will enter judgment on his behalf and against the Defendants and employees of the Department of Corrections of the State of Rhode Island, including but not limited to the said A. T. Wall, John Doe, James Doe, Joseph Doe, Jane Doe, William Doe and Raymond Doe in the amount of Three Hundred Thousand Dollars ($300,000) plus accrued interests and costs.

THE PLAINTIFF HEREBY CLAIMS A TRIAL BY JURY ON ALL SUCH TRIABLE COUNTS AND HEREBY DESIGNATES EARL F. PASBACH AS TRIAL COUNSEL.

BRIAN TEXEIRA
Plaintiff
By his Attorney,

[signature]

Earl F. Pasbach, Esq. #1318
94 Medway St., #3
Providence, RI 02906
401-528-1011