**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BRIAN TEXEIRA, Plaintiff**

**v.** **C.A. NO. 08-42S**

**A.T. WALL, Individually and in his Capacity as the Director of the Department Of Corrections of the State of Rhode Island; JOHN DOE, Alias, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; JAMES DOE, Alias individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; JOSEPH DOE, Alias, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; JANE DOE, individually and in her capacity as an employee of the Department of Corrections of the State of Rhode Island; WILLIAM DOE, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; and RAYMOND DOE, Alias, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island**
**Defendants**

**MOTION TO DISMISS**

Now comes Defendant, A.T. Wall, individually and in his capacity as Director, State of Rhode Island, Department of Corrections ("Wall," "DOC" or "Defendant") and, pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint in this civil action filed by Plaintiff, Brian Texeira ("Texeira" or "Plaintiff"), for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. In support hereof, Defendant Wall submits the accompanying Memorandum of Law.

WHEREFORE, Defendant Wall respectfully requests that this Honorable Court grant this Motion to Dismiss.

Respectfully submitted,

DEFENDANT
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that I mailed a true copy of this Motion to Dismiss by first class mail, postage prepaid to **Earl F. Pasbach, Esquire**, 94 Medway Street, #3, Providence, RI 02906 on this 27th day of February, 2008.

*/s/ Thomas A. Palombo*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**BRIAN TEXEIRA, Plaintiff**

**vi.** **C.A. NO. 08-42S**

**A.T. WALL, Individually and in his Capacity as the Director of the Department Of Corrections of the State of Rhode Island; JOHN DOE, Alias, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; JAMES DOE, Alias individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; JOSEPH DOE, Alias, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; JANE DOE, individually and in her capacity as an employee of the Department of Corrections of the State of Rhode Island; WILLIAM DOE, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island; and RAYMOND DOE, Alias, individually and in his capacity as an employee of the Department of Corrections of the State of Rhode Island**
**Defendants**

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**

## INTRODUCTION

This Memorandum of Law supports the Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure filed by Defendant, A.T. Wall, individually and in his capacity as Director, State of Rhode Island, Department of Corrections ("Wall," "DOC" or "Defendant"). Defendant Wall moves to dismiss the Complaint brought by Plaintiff, Brian Texeira ("Texeira" or "Plaintiff"), for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted. For the reasons set forth herein, Defendant Wall respectfully requests that the Honorable Court grant this Motion to Dismiss.

## PLAINTIFF'S COMPLAINT

Plaintiff Texeira's Complaint alleges that on **January 26, 2004**, he was assaulted by another inmate and sustained severe personal injuries. (See Complaint, ¶ 10, copy attached.)

Texeira avers that he was not provided immediate medical attention despite his complaints. (Id.) In Count I of the Complaint, Texeira alleges that this constituted a violation of his rights under the U.S. Constitution's Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. (Id. at ¶ 11.) He seeks monetary damages in the amount of $300,000.00 for this claim. (Id. at p. 4.)

Count II of the Complaint alleges that the denial of medical care was a "violation of the said Morris Rules, {MORRIS et al. v. Anthony TRAVISONO et al. (499 Fed. Supp. 149)}… ." (Complaint, ¶ 12.) For this claim, Texeira seeks $300,000.00 in monetary damages. (Id. at p. 4.)

## ARGUMENT

### 1. This Civil Action Was Filed Beyond The Three-Year Statute of Limitations.

The "sole function of a motion to dismiss is to test the sufficiency of the complaint." Rhode Island Affiliate, ACLU v. Bernasconi, 557 A.2d 1232, 1232 (R.I. 1989). See also Martin v. Howard, 784 A.2d 291, 299 (R.I. 2001)("Martin's 'inclusion of dates in the complaint showing the action to be untimely render[ed] the complaint subject to dismissal upon [a Rule 12(b)(6)] motion.'") (citations omitted).

Plaintiff Texeira's Complaint, on its face, alleges that on **January 26, 2004**, he was assaulted by another inmate and sustained severe personal injuries. (See Cpt., ¶ 10.) Clearly, however, the applicable statute of limitations is three (3) years. See R.I. Gen. Laws § 9-1-14, Wilson v. Garcia, 471 U.S. 261, 280 (1995) and Walden III, Inc. v. Rhode Island, 442 F. Supp. 1168 (D.R.I. 1977), affirmed, 576 F.2d 945 (1st Cir. 1978). Accordingly, this civil action, filed on **January 31, 2008**, is beyond the statute of limitations and is time-barred. Therefore, Wall's Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. Rule 12(b) (6).

**2. Plaintiff's Alleged Violation Of The Morris Rules Should Be Dismissed.**

Count II of the Complaint avers that the denial of medical care was a "violation of the said Morris Rules, {MORRIS et al. v. Anthony TRAVISONO et al. (499 Fed. Supp. 149)}… ." (Complaint, ¶ 12.) From the face of the Complaint, Wall understands Plaintiff's allegation to be as follows: It is a violation of the Morris Rules to deny an inmate emergency medical attention.

As stated in Doctor v. Wall, 143 F.Supp.2d 203, 204 (D.R.I. 2001), "the Morris Rules are not contained in or part of a decree issued by this Court. The Morris Rules were regulations adopted by the Rhode Island Department of Corrections under the Rhode Island Administrative Procedures Act pursuant to an agreement with the inmate class in the Morris case." See Morris v. Travisono, 310 F.Supp. 857 (D.R.I. 1970). In Doctor, Judge Lagueux adopted (and attached) the cogent Report and Recommendation of Magistrate Judge Jacob Hagopian recommending dismissal for want of subject matter jurisdiction. 143 F.Supp2d at 210. Judge Lagueux added this succinct "explanation:" "The long and short of it is that an inmate at the ACI, who claims that the *Morris* Rules were violated by personnel at the ACI, must make an allegation of a federal constitutional violation and bring an action under 42 U.S.C. § 1983 in order to be heard in this Court." Id. at 205. See also Williams v. Wall, 2006 Westlaw 2854296 (D.R.I. 2006) (adopting Magistrate Judge Hagopian's Report and Recommendation that the case be dismissed for lack of subject matter jurisdiction citing Doctor v. Wall, supra.)

Here, in Count I, Plaintiff Texeira has alleged constitutional violations cognizable under Section 1983. Unfortunately, his claim was filed too late and is time-barred.

In passing, Defendant Wall would add that the Morris Rules concern Department of Corrections classification and discipline. This civil action, however, does not concern Texeira's classification or discipline. Instead, Plaintiff alleges the denial of emergency medical care and treatment in violation of the Eight Amendment's prohibition of cruel and unusual punishment. Respectfully, Plaintiff Texeira's claim as alleged in his Complaint, Count II, does not even fall within the realm of the Morris Rules.

**3. Plaintiff Texeira Has A Pending Rhode Island Superior Court Action Concerning This Very Incident.**

For the Court's information, Defendant Wall requests that the Court take judicial notice of the following civil action: Brian Texeira v. Department of Corrections of the State of Rhode Island, Superior Court, Providence County, C.A. No. 07-0753. This suit concerns the same January 26, 2004 incident. There, Plaintiff Texiera has alleged Count I – Negligence and Count II – "Failure to Meet Court-Appointed Medical Standards and Procedures for Inmates." Upon information and belief, Count II is a Morris Rules claim. Count II was dismissed by the Superior Court in October 2007. Thereafter, the instant civil action was filed in this Court.

**CONCLUSION**

Plaintiff Texeira's Complaint in this civil action was clearly filed beyond the applicable statute of limitations. Thus, the Complaint fails to state a claim upon which relief can be granted. In addition, the Court has no subject matter jurisdiction over Count II that alleges a violation of the Morris Rules. Therefore, for the reasons set forth, Defendant, A.T. Wall, respectfully requests that the Honorable Court grant the Motion to Dismiss.

Respectfully submitted,

DEFENDANT
By its Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Thomas A. Palombo*

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2296
Fax: (401) 222-2995

**CERTIFICATION**

I, the undersigned, hereby certify that on this 27th day of February, 2008, I mailed a true copy of this Memorandum in Support of Motion to Dismiss by first class mail, postage prepaid, to **Earl F. Pasbach, Esquire,** 94 Medway Street, #3, Providence, RI 02906.

*/s/ Thomas A. Palombo*